STATE v. RALPH A. RANDALL.

226 N. W. 2d 288.

January 17, 1975—No. 44462.

C. Paul Jones, State Public Defender, and David Essling, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, Jonathan H. Morgan, Solicitor General, Peter W. Sipkins, Assistant Solicitor General, and Robert C. Carlson, Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendant, who was found guilty by a district court jury of the crime of taking indecent liberties with a child under age 16, Minn. St. 609.296, subd. 2, and sentenced by the trial court to the custody of the commissioner of public welfare for a period of 7 years,[1] appeals from judgment of conviction. We affirm.

In reaching this decision, we have carefully reviewed the entire record and find that it contains strong evidence that defendant took indecent liberties with a 12-year-old boy by grabbing him in the penis area while saying, according to the victim, that he "would like to get a piece of girls but he likes to play with boys better." It is true that the

___

[1] The trial court, although stating that it was placing defendant on probation, ordered him returned to the Minnesota Security Hospital, where he had previously been a patient, and specified that the medical director of the hospital could decide when to release him on true probation.

trial court did not instruct the jury on the necessity of finding that defendant had a general intent to do the act constituting indecent liberties. However, the issue of defendant's guilt was presented to the jury by counsel in such a way as to make it clear that they should convict only if they believed the touching was intentional.

We find no merit in defendant's other contentions, namely, that the trial court erred in its instructions as to what sort of conduct the term "indecent liberties" covers and in failing to permit expert testimony concerning defendant's mental capacity, character, and intent.

Affirmed.